MICHAEL D. MULVANEY (*Pro Hac Vice*)
JOHN A. LITTLE, JR. (*Pro Hac Vice*)
MAYNARD NEXSEN P.C.
1901 Sixth Ave. N., Suite 1700
Birmingham, Alabama 35203
(205) 254-1000
mmulvaney@maynardnexsen.com
jlittle@maynardnexsen.com

DANIEL F. POLSENBERG (SBN 2376)
WOMBLE BOND DICKINSON (US) LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
(702) 949-8200
Dan.Polsenberg@wbd-us.com

*Attorneys for Plaintiff Progressive Northern Insurance Company*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PROGRESSIVE NORTHERN INSURANCE COMPANY;<br><br>　　Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>TONY PETE FLORES aka RUDY HERNANDEZ, an individual; MA TERESA GUZMAN VALDIVIA, an individual; MA TERESA GUZMAN VALDIVIA as Special Administrator of the Estate of JOSE DE JESUS GUZMAN CERVANTES and mother of minors MONCERRAT GUZMAN, EDUARDO GUZMAN, and ANTHONY GUZMAN,<br><br>　　Defendants and Counterclaim Plaintiffs. | Case No.: 2:24-cv-02207-RFB-BNW<br><br>**JOINT PROPOSED PROTECTIVE ORDER** |

127545276.1

The parties, by and through their undersigned counsel, hereby submit this Stipulated Protective Order and state as follows:

A.  Progressive, Flores, and Guzman possess certain information and documents that they allege contain confidential, proprietary, or trade secret information that may be subject to discovery in this action, but that the parties allege should not be made publicly available. Depending on the nature and scope of discovery in this matter, the parties may designate certain responsive information and documents as confidential, proprietary, or trade secret.

B.  The parties request that the Court enter the following Protective Order to properly expedite discovery and balance the discovery rights of the parties with the parties' rights to protect their private, confidential, proprietary, or trade secret information.

The Court ORDERS:

1.  All production and disclosure of information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, by the parties during this litigation shall be governed by this Order, including, but not limited to, information contained in or derived from documents, deposition testimony, deposition exhibits, trial testimony, computer memory or archives, other written, recorded or graphic matter, and all copies, excerpts, or summaries thereof (collectively, "information").

2.  Information subject to this Protective Order shall be designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER by the parties by stamping "CONFIDENTIAL -SUBJECT TO PROTECTIVE ORDER – *Progressive v. Flores et al.*, Case No. 2:24-cv-02207 (D. Nev.)," on the face of the document so as not to obstruct the visibility, readability or searchability of the document. Any electronically stored information may be designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO

PROTECTIVE ORDER through a correspondence providing the media and a hard copy or printout shall be treated as protected material of the same designation. Designation may only be made after a good faith review by counsel of record and counsel making a designation shall comply with the standards set forth in Fed. R. Civ. P. 26(g) when designating information as CONFIDENTIAL, TRADE SECRET or SUBJECT TO PROTECTIVE ORDER.

3. With respect to deposition testimony, the parties may designate portions of testimony as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER. Furthermore, any document designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall maintain that designation and the protections afforded thereto if introduced or discussed during a deposition. Such designation with respect to deposition testimony shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty days after notice by the court reporter of the completion of the transcript. All testimony shall be treated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER until the thirty-day period has expired.

4. The inadvertent or unintentional disclosure by the parties of information considered to be CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall not be deemed a waiver in whole or in part of the parties' claim of protection pursuant to this Protective Order, either as to the specific information disclosed or as to any other information relating thereto. Any such inadvertently or unintentionally disclosed information shall be designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER as soon as reasonably practicable after

the parties become aware of the erroneous disclosure and shall thereafter be treated as such by all receiving persons absent re-designation pursuant to Court order. Upon receipt of the properly designated documents, the recipient shall no longer use the non-designated set.

    5.    Subject to the requirements of this Order, no person receiving information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall disclose it or its contents to any person other than those described below; no such disclosure shall be made for any purposes other than those specified in that paragraph; and in no event shall such person make any other use of such information.

    a.    Except as agreed by the parties or as otherwise provided herein information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall (1) only be used in the preparation for trial and/or any appeal of this Action and (2) be maintained in confidence by the party(ies) to whom it is produced and not disclosed by such party(ies) except to persons entitled to access thereto pursuant to the below. Except as provided herein, information which is CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER may not be used by any person receiving such material for any business or competitive purpose or for use in matters other than this lawsuit, including other matters involving the parties.

    6.    Information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER by the parties shall be disclosed only to the following persons:

    (a)    attorneys actively working on or supervising the work on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

1        (c)    the parties, including designated representatives and counsel for
2 the entity defendant;
3        (d)    expert witnesses and consultants retained in connection with this
4 proceeding, to the extent such disclosure is necessary for preparation, trial or
5 other proceedings in this case;
6        (e)    the Court and its employees ("Court Personnel");
7        (f)    stenographic and video reporters who are engaged in proceedings
8 necessarily incident to the conduct of this action;
9        (g)    deponents, witnesses, or potential witnesses;
10        (h)    the Nevada Division of Insurance, law enforcement officers,
11 and/or other government agencies, as permitted or required by applicable
12 state and federal law, including, but not limited to, NRS 686A.285.
13        (i)    a jury involved in litigation concerning the claims and any
14 defenses to any claims in this lawsuit;
15        (j)    anyone as otherwise required by law after the party claiming
16 confidentiality or other protections is first notified and given the opportunity
17 to object and seek a ruling from the court;
18        (k)    and other persons by written agreement of the parties.
19        7.    Prior to the disclosure of any information designated
20 CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER
21 to any person identified in subparagraph 6(d), (g), (j), (k), or (l), the recipient
22 must agree to use the information solely in connection with this Litigation
23 and further agree to be bound by the terms of this Order by signing an
24 undertaking in the form attached as Exhibit 1 (the "Acknowledgment").
25 Counsel for the Party showing, providing, or disclosing the information shall
26 be responsible for obtaining an Acknowledgment bearing the signature of the
27 individual receiving the information and retaining the original, executed copy
28 thereof.

1    8.    The recipient of any information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER pursuant to this Agreement shall maintain information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all such information.

2    9.    A party may at any time request from the other parties, in writing, the release of information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER from the requirements of the terms and provisions of this Protective Order. Upon receipt of such request, counsel for the parties shall attempt to meet and confer within 14 days. If the parties are unable to agree as to whether the information at issue is properly designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER the designating party shall have thirty (30) days after receipt of the notice to file a Motion for a Protective Order with regards to said document, otherwise the document or information in dispute will lose its confidential designation. Any information submitted to the Court for review shall be submitted under seal and/or for in camera review. Pending a ruling from the Court, the parties' designation shall control.

3    10.   Nothing in this Protective Order shall preclude any party from responding to a validly issued subpoena, provided, however, that the party responding to the subpoena shall provide written notice of such subpoena to the attorney of the party that originally produced the documents within seven (7) days of receipt of a subpoena, which seeks production or disclosure of the information which is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER. Production or disclosure of information which is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER may not occur until the day of the deadline set forth in a validly issued subpoena, absent agreement of the parties.

11.     Nothing in this Protective Order shall prevent or restrict counsel for the parties from inspecting, reviewing, using, or disclosing its own information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER. No disclosure pursuant to this paragraph shall waive any rights or privileges of any party granted by this Protective Order.

12.     Nothing in this Protective Order shall be construed as a limitation on the use of evidence in a submission to the Court or at trial, subject to such confidentiality provisions as may be ordered by the Court. However, when utilizing or filing a document prior to trial that is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, the filing party will file the document under seal along with a Motion to Seal. The party that originally produced the document may request that the document be filed with restricted access or under seal. Furthermore, any party shall have the right to request that any hearing or portions thereof be conducted in camera, which the Court will rule upon. The Court shall retain jurisdiction to modify the terms of this Protective Order.

13.     The obligations of this Protective Order shall survive the termination of this action and continue to bind the parties and their counsel. The Court will have continuing jurisdiction to enforce this Protective Order irrespective of the manner in which this action is terminated.

14.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

15.     Nothing in this Protective Order shall prohibit any party from filing a motion seeking further or different protection from the Court, or from filing a motion with respect to the manner in which the information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall be treated at trial.

1        16.    Seven years after the termination of this litigation, all
2  information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO
3  PROTECTIVE ORDER, including any copies, in the custody of the parties or
4  counsel for the parties or in the custody of any person to whom counsel for the
5  parties has disclosed such information, shall be destroyed. The receiving
6  party must submit a certification to the designating party that all
7  CONFIDENTIAL MATERIALS have been destroyed upon request.

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I have read the Agreed Protective Order ("Order") in the above-captioned action. I understand its terms and agree to be fully bound by them. I hereby submit to the jurisdiction of the United States District Court for the District of Nevada for purposes of enforcement of the Order. I agree not to disclose or use any information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER (as defined in the Order) for purposes other than those permitted under the Order.

Signature: _____

Name: _____

Date: _____

Dated this 20th day of August, 2025.

By: _/s/ John A. Little, Jr._
MICHAEL D. MULVANEY
(*Pro Hac Vice*)
JOHN A. LITTLE, JR.
(*Pro Hac Vice*)
MAYNARD NEXSEN PC
1901 Sixth Ave. N., Suite 1700
Birmingham, Alabama 35203

DANIEL F. POLSENBERG
(SBN 2376)
WOMBLE BOND DICKINSON
(US) LLP
3993 Howard Hughes Parkway,
Suite 600
Las Vegas, Nevada 89169

*Attorneys for Progressive
Northern Insurance Company*

<u>By: /s/ Jonathan L. Hilton</u>
JONATHAN LAWRENCE HILTON
HILTON PARKER LLC
7658 Slate Ridge Blvd.
Reynoldsburg, OH 43068
(614) 992-2277
Fax: (614) 927-5980
jhilton@hiltonparker.com

*Attorney for Tony Pete Flores*

<u>By: /s/ Jordan P. Schnitzer</u>
JORDAN P SCHNITZER
THE SCHNITZER LAW FIRM
710 South 9th Street
Ste 2
Las Vegas, NV 89101
(702) 960-4050
Fax: (702) 960-4092
Jordan@theschnitzerlawfirm.com

*Attorney for the Guzman
Defendants*

**<u>ORDER</u>**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

 August 21, 2025
DATED

127545276.1                                  - 10 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of August, 2025, I caused a true and accurate copy of the foregoing document titled **"PROPOSED JOINT PROTECTIVE ORDER"** to be filed via the Court's CM/ECF system, which will accomplish service on all parties of record through their counsel.

*/s/ John A. Little, Jr.*

127545276.1