# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Progressive Northern Insurance Company, | Case No. 2:24-cv-02207-RFB-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| Tony Pete Flores, et al. | |
| Defendant. | |

Before this Court is the Guzman Defendants' motion to exclude the testimony of Plaintiff's expert. ECF No. 94. Plaintiff opposed and Defendants replied. ECF Nos. 95 and 96.

## I.    BACKGROUND

The Guzman Defendants move under Rule 37 to exclude Plaintiff's expert, Douglas Richmond, as an improper rebuttal witness. They argue that courts—including those in this district—consistently hold that expert opinions on foreseeable issues are not proper rebuttal and cannot be withheld until the rebuttal deadline. *See, e.g., Morgan v. Commercial Union Assurance Cos.*, 606 F.2d 554, 555–56 (5th Cir. 1979); *In re Apex Oil Co.*, 958 F.2d 243, 245 (8th Cir. 1992); *Century-Nat'l Ins. Co. v. Gardner*, 460 F. Supp. 3d 1059 (D. Nev. 2020).

Plaintiff responds that this authority has been misapplied and that Richmond was properly disclosed. Plaintiff also notes that, at the March 2026 hearing, the district judge cautioned that he may not permit the Guzman Defendants' experts or Plaintiff's rebuttal expert to testify given their marginal usefulness. *See* ECF No. 93 at 10–14. Plaintiff represents that it will offer Richmond only if Defendants' experts are permitted to testify and intends to move to exclude those experts on the same grounds.

In light of the district judge's comments and the anticipated motion practice, the present motion may be rendered moot. Accordingly, the motion is denied without prejudice. Defendants may renew the motion if the district judge permits their experts to testify.

**II.    CONCLUSION**

**IT IS THEREFORE ORDERED** that Guzman Defendants' motion to exclude (ECF No. 94) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that the hearing set for May 8, 2026, is VACATED.

DATED this 6th day of May, 2026.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

2