**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Progressive Northern Insurance Company, | Case No. 2:24-cv-02207-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Tony Pete Flores, et al., | |
| Defendants. | |

Defendants previously filed two motions for sanctions. ECF Nos. 100, 101. In turn, Plaintiff filed a motion to strike citing to **11 examples** of improper AI use in Defendants' motions. ECF No. 107 (appendix). In turn, Defendants withdrew both motions for sanctions (ECF Nos. 113, 114) and responded to Plaintiff's motion to strike (ECF No. 117). No reply is necessary.

This Court nonetheless finds it necessary to address the conduct that gave rise to Plaintiff's motion. Counsel's submission of AI-generated content without verifying the accuracy of the cited authorities is a serious breach of several Model Rules of Professional Conduct (competence, diligence, candor, misconduct) and is the type of conduct Rule 11 is intended to prevent.

This Court acknowledges Defendants' representations that they have implemented corrective measures and procedures designed to prevent similar issues from occurring in the future. This Court expects strict compliance with those procedures.

This Order serves as Defendants' first and final warning. Any future submission containing fabricated or inaccurate citations, or any other AI-generated content that has not been adequately verified may result in sanctions, including referral for disciplinary proceedings.

This Court further finds that an award of fees is warranted[1] but that Plaintiff has not properly developed the argument. Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power. *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). Plaintiff does not specify under what authority it brings the motion. Instead, it relies on *M.T. Real Est. Inv. Inc. v. Servis One, Inc.,* No. 2:25-CV-01372-GMN-DJA, 2025 WL 3771490 (D. Nev. Dec. 30, 2025). In that case, sanctions (including fees) were based on a violation of Rule 11. But Plaintiff does not argue that fees are warranted under Rule 11 nor does it show it complied with its requirements. Accordingly, the request for fees is denied.

**IT IS ORDERED** that given Defendants withdrew the challenged motions, Plaintiff's motion to strike (ECF No. 107) is DENIED as moot.

**IT IS FURTHER ORDERED** that the hearing scheduled for ECF Nos. 100, 101, and 107 on June 23, 2026, at 11:00 AM is VACATED.

DATED: June 18, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff should not have been required to expend time and resources responding to motions that quoted authorities with fabricated or inaccurate language. Plaintiff then incurred additional fees and costs preparing the motion to strike and bringing the issue to this Court's attention. Of note, the notion that a phone call to Plaintiff would have sufficed diminishes the gravity of the situation and the need for this Court to be on notice of this type of behavior